IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAN MITCHELL<br><br>    Plaintiff,<br><br>  v.<br><br>BLITT & GAINS PC,<br><br>    Defendant, | )  FILED: APRIL 16, 2008<br>)  08CV2159      PH<br>)  JUDGE CASTILLO<br>)  MAGISTRATE JUDGE MASON<br>)<br>)<br>)     JURY TRIAL DEMANDED<br>) |

**COMPLAINT**

**INTRODUCTION**

1.    Plaintiff, Dan Mitchell ("Plaintiff") brings this action to secure redress against an unlawful credit and collection practice engaged in by Defendant Blitt & Gains PC ("Blitt & Gains") that violates multiple provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") and state law.

2.    Plaintiff complains that Blitt & Gains in an attempt to collect a debt filed a state court complaint against Plaintiff that was time barred under Illinois law.  A copy of the state court complaint filed in Asset Acceptance's name against Plaintiff is attached hereto as <u>Exhibit 1</u>, hereinafter (the "state court complaint").  The fact that the claim against Plaintiff is barred by the Illinois 5 year statute of limitations is apparent on the face of Asset Acceptance's state court complaint. *Parkis v. Arrow Financial Services, LLC*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008); *See also Rawson v. Credigy Receivables, Inc.*, 05 C 6032, 2006 LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (Plaintiff successfully stated a violation of the FDCPA for filing suit on debt beyond the Illinois 5 year statute of limitations where debt collector did not attach a

contract to the state court complaint and did not produce one in support of its motion to dismiss.); *See also Weniger v. Arrow Financial Services*, No. 03 C 6213,2004 U.S. Dist. LEXIS 23172 (N.D. Ill. Nov. 17, 2004) (same).

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 15 U.S.C. §1692k (FDCPA). This Court also has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367 as the conduct complaint of arises out of a common nucleus of operative facts, *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and having only one jury decide the same factual issues, "'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *See City of Chicago v. International College of Surgeons* 522 U.S. 156, 172-73 (1997) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988))*.*

4. Venue and personal jurisdiction over Asset Acceptance in this District is proper because:

    a. Plaintiff resides in the District and was served with the state court complaint while residing in the District;

    b. Blitt & Gains transacts business in the District and maintains an office at 661 Glenn Avenue, Wheeling, Illinois 60090; and

    c. Blitt & Gains collection activities occurred within the District.

## PARTIES

6. Plaintiff is an individual who resides in the Northern District of Illinois.

7. Blitt & Gains is an Illinois law firm organized as a professional corporation with its principal place of business located at 661 Glenn Avenue, Wheeling, Illinois 60090. Its President is Fred Blitt and Secretary is Jan Gains.

8. Blitt & Gains is engaged in the practice of filing suit on behalf of companies that purchase defaulted and charged-off accounts receivable against consumers in Illinois state courts.

9. Blitt & Gains maintains the website http://collectalot.com that describes itself, in pertinent part as follows:

> **Blitt and Gaines, P.C.** is a full service collection law firm established in 1991. We are devoted to providing our clients with a high level of client service in the areas of retail and commercial debt collection and bankruptcy throughout the state of Illinois.
>
> * * *
>
> <u>Collections.</u> We diligently pursue the collection of past due retail and commercial account balances.

10. Blitt & Gains routinely files lawsuits against consumers in Illinois' courts seeking to collect a debt purportedly owed by the consumer.

11. Blitt & Gains is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein. *See also Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

### FACTS

12. On or about January 3, 2008, Blitt & Gains, on behalf of its client Asset Acceptance, LLC filed suit against Plaintiff in the Circuit Court of the Sixteenth Judicial Circuit, Kane County, Illinois, to collect a purported credit card debt which was alleged to have been originally owed to Providian Bank. The state court complaint was assigned case number 08 SC K 104. <u>Exhibit 1</u>.

3

13. On information and belief, Blitt & Gains did little if any review of the state court complaint prior to its filing to ensure that it was complying with the applicable Illinois statute of limitations.

14. The exhibit attached to the state court complaint states that the date of last payment on the alleged debt was, "09/18/00".

15. On information and belief, it is a true statement that the date of last payment on the debt that Asset sued Plaintiff on was, "09/18/00".

16. Plaintiff obtained at his expense legal counsel and his counsel filed a motion to dismiss the state court complaint arguing that it was barred on its face by the Illinois 5 year statute of limitations and on April 10, 2008, the state court entered an order dismissing Asset Acceptance's state court complaint with prejudice. A copy of the Order is attached hereto as <u>Exhibit 2</u>.

17. On information and belief Asset Acceptance instructed Blitt & Gains PC to dismiss the case with prejudice so to avoid having the state court judge rule on Plaintiff's dispositive motion and/or Asset Acceptance instructed Blitt & Gains PC to dismiss the state court case as Asset Acceptance was unable to obtain any documentation prior to the April 10, 2008, hearing on the motion to dismiss demonstrating that Plaintiff was liable on the debt it sued him upon.

18. The alleged debt that Asset Acceptance sued Plaintiff upon appears to be in the Plaintiff's name only, not a business, and therefore the alleged debt was incurred for personal, family or household purposes.

### COUNT I – FDCPA § 1692e CLAIMS

19. Plaintiff incorporates paragraphs 1-18 above.

20. 15 U.S.C § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(2) The false representation of --

(A) the character, amount, or legal status of any debt. . . .

\* \* \*

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

\* \* \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

21. In the state court complaint, <u>Exhibit 1</u>, above the "Amount claimed" is the word "contract" however, no contract was attached to which if a debt collector desired to proceed under a contract theory it must under Illinois law attach a copy of the parties' contract. Ill.Rev.Stat.1989, ch. 110, par. 2-606.  Under 735 ILCS 5/13-206 for there to be a "written contract" the writing must be complete in that it (1) identifies the parties, (2) states the date of the agreement, (3) contains the signatures of the parties, (4) and sets forth all terms of the parties' agreement.  *Brown v. Goodman*, 147 Ill. App. 3d 935, 940, 498 N.E.2d 845 (1st Dist. 1986); *Clark v. Western Union Telegraph Co.,* 141 Ill. App. 3d 174, 176, 490 N.E.2d (1st Dist. 1986); *Weaver v. Watson*, 130 Ill App. 3d 563, 567, 474 N.E.2d 759, 762 (5th Dist. 1984); *Munsterman v. Illinois Agricultural Auditing Association,* 106 Ill. App. 3d 237, 238-39, 435 N.E.2d 923, 925 (3rd Dist. 1982); *O.K. Electric Co. v. Fernandes,* 111 Ill. App. 3d 466, 444 N.E.2d 264, 267, 67

Ill. Dec. 225 (Ill. App. Ct. 1982); *Plocar v. Dunkin' Donuts of America, Inc.,* 103 Ill. App. 3d 740, 748, 431 N.E.2d 1175, 59 Ill. Dec. 418 (1st. Dist. 1981); *Baird & Warner, Inc. v. Addison Industrial Park, Inc.,* 70 Ill. App. 3d 39, 73, 387 N.E. 831, 838 (1st Dist. 1979). Neither Asset's Complaint nor its affidavit and exhibit attached to its Complaint create a "written contract."

22. In order to comply with the Truth in Lending Act (TILA), 15 U.S.C. § 1642, the original lender must have a signed request or application, or in absence of such writing, there must be a record detailing the date and circumstances of the request or application for credit. 15 U.S.C. § 1642.

23. Furthermore, under federal law, "[i]n any action by a card issuer to enforce liability for the use of a credit card, the burden of proof is upon the card issuer to show that the use was authorized or, if the use was unauthorized, then the burden of proof is upon the card issuer to show that the conditions of liability for the unauthorized use of a credit card, as set forth in subsection (a) of this section, have been met." 15 U.S.C. § 1643(b).

24. The statute of limitations applicable to an action on a contract that is not wholly in writing under Illinois law is five years. 735 ILCS 5/13-205. *Parkis v. Arrow Financial Services, LLC*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008); *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983).

25. Furthermore, a contract is not wholly in writing if it is subject to change from time to time by means of one party sending terms to the other and the other continuing to do business or failing to object. *Toth v. Mansell*, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); *Classified Ventures, Inc. v. Wrenchead, Inc.,* 06 C 2373, 2006 U.S. Dist. LEXIS 77359 (N.D.Ill., October 11, 2006). This is because parol evidence is necessary to show what terms were sent from time to time and that the putative debtor accepted them by continuing to

6

do business.

26. Blitt & Gains' conduct of filing and serving Plaintiff with the state court complaint violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

## COUNT II – FDCPA § 1692f

27. Plaintiff incorporates paragraphs 1-18 above.

28. 15 U.S.C. §1692f in pertinent part, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

29. Asset Acceptance conduct of filing and serving Plaintiff with the state court complaint violated 15 U.S.C. § 1692f.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

30. Plaintiff incorporates paragraphs 1-18.

31. Blitt & Gains filed the state court complaint against Plaintiff with the intent that he would rely on the allegations in the state court complaint and pay money to their client which, on information and belief, in turn would pay them money from the money paid by Plaintiff for their services.

32. Plaintiff relied on the statements made by Blitt & Gains in the state court complaint and suffered actual damages in the amount of costs and attorney's fees.

33. Blitt & Gains did not have a legal right to file a time barred debt collection lawsuit against Plaintiff.

34. Such filing of time barred lawsuits offends public policy, is unscrupulous, and causes substantial injury to already financially stressed consumers.

35. Blitt & Gains' conduct alleged here was willful and malicious.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Blitt & Gains for:

 (1)    Statutory damages;

(2)    Actual damages;

(3)    Punitive damages;

(2)    Attorney's fees, litigation expenses and costs of suit; and

(3)    Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
151 N. Michigan Ave. Ste. 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Dmitry N. Feofanov
ChicagoLemonLaw.com, P.C.
404 Fourth Avenue West
Lyndon, IL 61261
(815) 986-7303 (TEL)

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
151 N. Michigan Ave. Ste. 3714

Chicago, Illinois 60601
(312) 238-9820 (TEL)

Dmitry N. Feofanov
ChicagoLemonLaw.com, P.C.
404 Fourth Avenue West
Lyndon, IL  61261
(815) 986-7303 (TEL)

## NOTICE OF LIEN

Please be advised that the Plaintiff's counsel claims a lien upon any recovery herein for 1/3 or such an amount as the Court awards.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
151 N. Michigan Ave. Ste. 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Dmitry N. Feofanov
ChicagoLemonLaw.com, P.C.
404 Fourth Avenue West
Lyndon, IL  61261
(815) 986-7303 (TEL)

```
08CV2159   PH
JUDGE CASTILLO
MAGISTRATE JUDGE MASON
```

# EXHIBIT 1

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

'08 SCK 104

ASSET ACCEPTANCE, LLC.  
    Plaintiff

vs.

DANIEL W MITCHELL

    Defendant

No.

Return Date: JAN 3 1 2008

contract  
Amount claimed: $3,509.06  
Plus court costs

## COMPLAINT

NOW COMES the Plaintiff, by and through its attorneys, Blitt and Gaines, P.C., and complaining of the Defendant(s), states as follows:

1. The Defendant(s) utilized a charge account and/or line of credit issued by Plaintiff or its assignors whereby Defendant(s) could charge goods and services to their account and/or receive cash advances.

2. The Defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due Plaintiff of $3,509.06.

3. Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so.

    WHEREFORE, Plaintiff prays for judgment against the Defendant(s) in the amount of $3,509.06 plus interest and court costs.

Blitt and Gaines, P.C.  
Attorney for Plaintiff  
661 Glenn Avenue  
Wheeling, IL 60090  
(847) 403-4900

This is an attempt to collect a debt and any information will be used for that purpose.

07-35708-0  
0250-00

1 OF 3

7-35708

STATE OF MICHIGAN    )
                     )  ss
COUNTY OF MACOMB     )

ASSET ACCEPTANCE LLC            )
                                )
    Plaintiff,                  )
                                )
vs                              )
                                )   AFFIDAVIT
DANIEL W MITCHELL               )
                                )
                                )
    Defendant,                  )

I, __Deanna Jason__ being first duly sworn deposes and states:

    That I am the Supervisor of ASSET ACCEPTANCE LLC, a Limited Liability company organized and existing under the laws of the State of Delaware and doing business at P.O. BOX 2041, WARREN, MI 48090.

    That there is justly due and owing on the account by the Defendant to the Plaintiff, the sum of money set out in the attached statement of account amounting to $2422.91 representing the principal and $1086.15 representing accrued interest to date.

    That the said account originally with PROVIDIAN BANK / , account number [Redacted]6267, has been purchased by ASSET ACCEPTANCE LLC, who now owns said account and has all rights connected therewith including the right to institute this action.

    That we have been unable to determine if the Defendant is in the military service of the United States of America. Further, we are unable to determine if the Defendant is entitled to rights and privileges provided under the Servicemembers Civil Relief Act.

Dated this 31 st day of July, 2007.

_Deanna Jason_
Supervisor

Subscribed and sworn to before me, a Notary Public for the State of Michigan, the 31 st of July, 2007 as certified by my hand as set forth immediately below.

_C Underwood_
Notary Public

C UNDERWOOD
Notary Public - Michigan
Wayne County
My Commission Expires Feb 12, 2012
Acting in the County of MACOMB

2OF3

13083843
675 BLITT & GAINES PC

ASSET ACCEPTANCE LLC

Statement of Account

ASSIGNEE OF:   PROVIDIAN BANK /

NAME:   DANIEL W MITCHELL

ADDRESS:   ▮▮▮▮▮▮▮▮▮▮   Redacted

ASSET ACCEPTANCE LLC Account #   13083843

Original Lender Account #   ▮▮▮▮6267   Redacted

Purchase Date   07/17/03

Principal Amount   2422.91

Purchased Interest   206.91

Interest After Purchase   879.24

Total Balance   3509.06

Interest Rate   9.000

Date of Charge off   04/23/01

Date of Last Payment   09/18/00

Dated this 31st day of July, 2007
Delaware Corporation doing business at
P.O. Box 2040
Warren, MI  48090

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

3 OF 3

13083843
675 BLITT & GAINES PC

# EXHIBIT 2

IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

Gen No: NO. 08 SCK 04

ASSET ACCEPTANCE, LLC.    vs.    DANIEL W MITCHELL

Judge: Sullivan or Larson    Court Reporter:    Pltf Atty: Blitt & Gaines

Deputy Clerk: _____ A copy of this order should be sent to: _____ Deft Atty:
Plaintiff Present in Open Court  X  Yes __ No        Defendant Present in Open Court __ Yes __ No

**ORDER**
__ CONTINUANCE __ JUDGMENT __ MISCELLANEOUS

Clerk of the Circuit Court
Kane County, IL

APR 10 2008

FILED    41
ENTERED

THIS CAUSE coming to be heard upon the return date or a subsequent initial status hearing, and the Court having been fully advised of the status

**WHEREFORE, IT IS HEREBY ORDERED THAT:**

A Judgment is to enter, by:

___  Default / Trial / Hearing / Admission / Proof of Damages

In favor of ASSET ACCEPTANCE, LLC, and shall enter versus ___ DANIEL W MITCHELL ___
in the amount of $3,509.06 plus costs.

✓ This matter is dismissed, by Plaintiff,
  ___ without prejudice with leave to reinstate for lack of service.
  ___ without prejudice with leave to reinstate pursuant to payment plan.
  ✓ with prejudice
___ Defendant(s) DANIEL W MITCHELL is (are) granted ___ days to answer or otherwise plead.
___ Alias / Summons / Citation / Rule to show cause / to issue returnable _____
___ The case is continued for status of pleadings to _____, 20___.

___ Other _____

April 10, 2008

Stephen Sullivan
_____
Judge

Blitt & Gaines, P.C.
Attorney for Plaintiff
661 Glenn Ave.
Wheeling, IL 60090
(312) 920-0620
07-35708-0